UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Adrian Eugene Jackson,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 06-122(1) ADM/JJG

_____

LeeAnn K. Bell, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Katherine M. Menendez, Esq., Assistant Federal Defender, Minneapolis, MN, on behalf of Defendant.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Adrian Eugene Jackson's ("Jackson") Motion for Sentence Reduction [Docket No. 77] ("Motion").  For the reasons set forth below, Jackson's Motion is granted.

## II.  BACKGROUND

In 2006, Jackson pled guilty to conspiracy to distribute and possession with intent to distribute 50 grams or more of cocaine base, which established his sentencing guideline range at 151-188 months.  Sentencing Judgment [Docket No. 68]; Motion at 1.  On December 5, 2006, Jackson was sentenced to a term of imprisonment of 188 months and 5 years of supervised release, the top of the guideline range.  Sentencing Judgment.

On November 1, 2007, the U.S. Sentencing Guideline ("U.S.S.G.") § 2D1.1 was amended, reducing the base offense level for cocaine base violations.  Pursuant to these amended guidelines, Jackson's sentence was reduced to a term of 162 months, based on a guideline range

of 130-162 months.  Sept. 22, 2008 Order [Docket No. 75].  On November 1, 2011, U.S.S.G. § 2D1.1 was amended and made retroactive on November 1, 2011, in accordance with the Fair Sentencing Act of 2010.  Jackson is eligible for resentencing based on the amended guideline range of 120 to 137 months, and he now moves for sentence reduction pursuant to 18 U.S.C. § 3582(c).

### III.  DISCUSSION

Under U.S.S.G. §1B1.10, a court has discretion to reduce a defendant's sentence as a result of an amended guideline range.  In considering a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), courts must determine the following: (1) the amended guideline range and what sentence would have been given if the amended guideline had applied at the time of original sentencing; and (2) whether to exercise its discretion to reduce the sentence, as adjudged by the factors in 18 U.S.C. § 3583(a).  United States v. Hasan, 245 F.3d 682, 684–85 (8th Cir. 2001).

Upon its consideration of all sentencing factors, this Court has twice previously sentenced Jackson to the maximum sentence within the guidelines range.  See Sentencing Judgment; see also  Sept. 22, 2008 Order.  In accord with its past sentences, and based on the totality of the factors, Jackson's sentence warrants a reduction to the top of the amended guidelines range.
 While Jackson's considerable efforts in education and rehabilitation are commendable, they are not grounds for a more significant sentence reduction in this case.  Accordingly, this Court grants the Jackson's Motion and reduces his sentence to 137 months of imprisonment.

### IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**

that Defendant Jackson's Motion for Sentence Reduction [Docket No. 77] is **GRANTED** as follows:

1. The Defendant's sentence is reduced to 137 months.

2. All other conditions, including the five-year term of supervised release, shall remain in effect.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 13, 2011.